**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PROVEN NETWORKS, LLC., | |
| Plaintiff, | Case No.  6:20-cv-00632-ADA |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY AND ARUBA NETWORKS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PROVEN NETWORKS, LLC'S OPPOSITION TO DEFENDANTS' RENEWED
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     DEFENDANT'S RULE 12(B)(3) MOTION SHOULD BE DENIED .............................. 3

   A.   Venue Is Proper as to HPE.................................................................................... 3

   B.   Aruba Refused to Make Its Declarants Available for Deposition, and Its Motion Must
        Therefore Be Denied .............................................................................................. 5

   C.   In the Event the Court Deems Venue Is Improper, Transfer of the Case Against Aruba to
        the Northern District of California Is the Proper Remedy .......................................... 7

   D.   Any Dismissal Must Be Without Prejudice ................................................................ 8

III.    DEFENDANTS DO NOT CARRY THEIR SIGNIFICANT BURDEN TO SHOW
        THAT THE NORTHERN DISTRICT OF CALIFORNIA IS "CLEARLY MORE
        CONVENIENT" THAN PROVEN'S CHOSEN FORUM .............................................. 8

   A.   The Private Interest Factors Weigh Against Transfer ......................................... 9

        1.   The sources of proof are just as accessible in this District as in the Northern District of
             California ........................................................................................................... 9

        2.   The Northern District is not clearly more convenient for willing witnesses ............... 11

        3.   The Northern District of California does not possess more relevant subpoena power . 12

        4.   The "practical problems" and judicial economy weigh against transfer ..................... 13

   B.   The Public Interest Factors Weigh Against Transfer ......................................... 14

        1.   Administrative difficulties resulting from court congestion weigh against transfer ..... 14

        2.   The Northern District of California does not have a greater interest ........................... 15

        3.   The other public interest factors are neutral ............................................................. 16

IV.     CONCLUSION .................................................................................................. 16

**TABLE OF AUTHORITIES**

**Cases**

*AGIS Software Dev. LLC v. HTC Corp.*,
   No. 2:17-CV-00514-JRG, 2018 WL 4680558 (E.D. Tex. Sept. 28, 2018) .................... 9, 11, 14

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ................................................................................... 6

*American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*,
   115 Fed. Appx. 662 (5th Cir. 2004) ..................................................................... 1, 8

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018 ............................................................................ 4

*Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*,
   228 F.3d 544 (5th Cir. 2000) ................................................................................. 13

*Blitzsafe Texas LLC v. Mitsubishi Electric Corp.*,
   Civil Action No. 2:17-CV-00430-JRG, 2019 WL 2210686 (E.D. Tex. May 22, 2019) ........... 6

*Cradle IP, LLC v. Texas Instruments, Inc.*,
   923 F. Supp. 2d 696 (D. Del. 2013) ....................................................................... 15

*CXT Sys., Inc. v. Container Store, Inc.*,
   No. 2:18-CV-00173-RWS-RSP, 2019 WL 1506015 (E.D. Tex. Apr. 5, 2019) ................ 11, 13

*In re Cray Inc.*,
   871 F.3d 1355 (Fed Cir. 2017) ................................................................................. 3

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) .............................................................................. 9, 14

*Ingeniador, LLC v. Adobe Sys. Inc.*,
   No. 2:12-CV-00805-JRG, 2014 WL 105106 (E.D. Tex. Jan. 10, 2014) ................................ 15

*iPowerUp, Inc. v. Ascent Solar Techs., Inc.*,
   No. LA CV16-01006 JAK (AFMx), 2016 WL 6953453 (C.D. Cal. May 27, 2016) .............. 10

*J2 Glob. Commc'ns, Inc. v. Protus IP Sols., Inc.*,
   No. 6:8-CV-211, 2009 WL 440525 (E.D. Tex. Feb. 20, 2009) ................................................ 10

*Lax v. Toyota Motor Corp.*,
   65 F. Supp. 3d 772 (N.D. Cal. 2014) ...................................................................... 10

*Mirror Worlds Techs., LLC v. Facebook, Inc.*,
   No. 17-CV-3473 (JGK), 2017 WL 5634127 (S.D.N.Y. Nov. 20, 2017) ................................. 10

*Nexus Display Techs. LLC v. Dell, Inc.*,
   No. 2:14-CV-762, 2015 WL 5043069 (E.D. Tex. Aug. 25, 2015) ........................................ 13

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ................................................................................................ 6

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
   No. 2:18-CV-00390-RWS-RSP, 2019 WL 2303034 (E.D. Tex. May 30, 2019) .............. 11, 15

*Phoenix Licensing, L.L.C. v. Royal Caribbean Cruises Ltd.*,
   No. 2:13-CV-1095-JRG-RSP, 2014 WL 7272640 (E.D. Tex. Dec. 22, 2014) ........................ 15

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*,
   No. 2:18-CV-00014-JRG-RSP, 2018 WL 6589873 (E.D. Tex. Dec. 14, 2018) ...................... 13

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed. Cir. 1997) .............................................................................. 14

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006) ............................................................................. 6

*TC Heartland LLC v. Kraft Foods Grp. Brand LLC*,
    137 S. Ct. 1514 (2017) ....................................................................................... 3

*Ultravision Technologies, LLC v. Govision, LLC*,
    2020 WL 896767, Case No. 2:18-cv-00100-JRG-RSP (E.D. Tex. 2020) ................ 6

*Uniloc 2017 LLC v. Riot Games, Inc.*,
    Civil Action No. 2:19-cv-00223-JRG, 2020 WL 1158611 (E.D. Tex. 2020) ........... 6

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
    No. 2:13-CV-00011-JRG, 2014 WL 459719 (E.D. Tex. Jan. 31, 2014) ................ 13

**Rules**

Fed. R. Civ. P. 12(b)(3) ........................................................................................ 2, 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 5

Fed. R. Civ. P. 41(b) ............................................................................................... 8

## I.     INTRODUCTION

The motion to dismiss or transfer brought by defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, Inc. ("Aruba") (collectively "Defendants") has very little substance, and no merit. Although styled as a "renewed" motion, Defendants have never previously moved to dismiss the First Amended Complaint. Although Defendants' request to transfer for inconvenient forum is in some sense "renewed" in that it is being brought for a second time, the issues are raised before the Court has even ruled on their prior motion. Effectively, Defendants improperly seek reconsideration of their prior motion in the absence of a Court ruling and without identifying any change in law or facts.

The over-the-top nature of Defendants' motion is best shown by the fact that they, once again, request the Court dismiss the Complaint as to Aruba with prejudice because of their complaints as to venue, in spite of the fact that so doing is reversible error. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662 (5th Cir. 2004) ("The district court, however, erred in dismissing HLA and Brun with prejudice. The district court's ruling on personal jurisdiction did not address the merits of plaintiff's allegations as to HLA and Brun, and, as a result, the claim against them should have been dismissed without prejudice for filing in an appropriate forum.").

Starting with HPE's motion to dismiss under Fed. R. Civ. P. 12(b)(6), Proven's First Amended Complaint is fairly pleaded because it establishes infringement of the '024 patent by at least one product. Proven's First Amended Complaint also includes allegations based to publicly available information showing that HPE's offices in or near this District use the accused Aruba Access Points to provide internet access. First Amended Complaint ¶ 20. This amended complaint requires the denial of Defendants' motion. Worse, Defendants somehow attempt to tie their flawed

Rule 12(b)(6) motion to their flawed venue allegations, apparently arguing that venue is improper under Fed. R. Civ. P. 12(b)(3) because (they erroneously claim) the First Amended Complaint fails to satisfy Rule 12(b)(6). The attempt to conflate these two unrelated legal standards should be rejected.

Their motion as to Aruba should likewise be dismissed as Defendants' counsel, again, refused to make their two employee witnesses available for deposition in spite of a specific request by Proven. Aruba's actions show they have very little confidence in the veracity of their witnesses' statements—especially as they are contradicted by the publicly available information.

Defendants likewise fail to carry their significant burden to show good cause for the transfer. Indeed, they fail and refuse to show transfer would be more convenient for HPE (again based on their failed arguments concerning the allegations of infringement), and for this reason alone the motion should be denied. And, indeed, given HPE's substantial presence in this District, Defendants cannot make this showing. Moreover, Defendants' attempt to establish convenience in another District fails in light of the fact that Judicial Panel on Multidistrict Litigation, in response to a Motion brought by Defendants and others, has coordinated this action with the others in this Court for pretrial purposes. *See* Declaration of Paul A. Kroeger ("Kroeger Decl."),  Ex. H.

In any event, all of the relevant transfer factors either weigh against transfer or are neutral at best. For example, the possible presence of some documentary evidence in the Northern District of California does not support transfer since electronic documents can be accessed from anywhere, including from HPE's large facilities in this District. The existence of a few third parties in the Northern District of California is offset by the fact that others have a significant presence in this District. Finally, that Aruba cherry-picks a few witnesses located in California does not outweigh the fact that it has over thirty employees in this District who could have the same knowledge and

that one of its own declarants to its motion resides much closer to this District than the Northern District of California. Moreover, once again, Defendants ignore the numerous HPE employees resident in this District.

Furthermore, the public interests weigh against transfer or are neutral at most. Defendants fail to show that the Northern District of California has a much greater interest in this case than this Court. HPE has an office in this District and sells its products in this District, making this factor neutral at most. Judicial economy and court congestion also favors this District's retaining this action. Defendants admits that the other public interest factors are neutral and therefore do not weigh in favor of transfer.

In sum, although Defendants accused Proven of playing games, they are the ones "hiding the ball." Had they been willing to make their declarants available for the brief depositions to which Proven is entitled, it is possible that a majority of this motion practice may not have been needed. Defendants' motion to dismiss or change venue should be denied.

## II.   DEFENDANT'S RULE 12(B)(3) MOTION SHOULD BE DENIED

### A.   Venue Is Proper as to HPE

Defendants' motion concedes that venue is proper where a defendant "commits an act of infringement and has a regular and established place of business." Motion at 4 (citing *TC Heartland LLC v. Kraft Foods Grp. Brand LLC*, 137 S. Ct. 1514, 1514 (2017), and *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed Cir. 2017)). With respect to HPE, Defendants, once again, make no attempt to refute, and actively ignore, Proven's allegations that HPE has an office within this District at "14231 Tandem Blvd., Austin, Texas 78728." *See* Complaint ¶ 10; First Amended Complaint ¶ 10. Indeed, the publicly available evidence establishes that HPE has such a regular and established place of business at that address. Kroeger Decl., Ex. A.

3

Instead, Defendants claim only that venue is improper as to HPE because of its same flawed argument that HPE does not infringe the asserted patents. Motion at 5-7. Defendants complained previously that Proven failed to sufficiently allege infringement, and Proven responded by filing a First Amended Complaint accompanied by a claim chart providing notice of Defendants' infringement. Defendants now complain that even Proven's detailed claim chart, which provides screenshots of Defendants' infringement, is insufficient. Defendants complain that Proven alleges that the accused HPE products "use" the Aruba Access Points "accused of infringement," but Defendants claim that Proven does not specifically allege that HPE products use the accused Aruba Access Points that are "configured to run Aruba OS or Instant OS operating with the PEF solution." Mot. at 5. But by stating that HPE products use the Aruba Access Points that are "accused of infringement," Proven's complaint does exactly that: It states that HPE products use the accused Aruba Access Points and therefore infringe themselves. Nothing could be plainer, but evidently, nothing could be plain enough to satisfy Defendants.

Similarly, Defendants complain that Proven's claim charts consist of claim language and screenshots. But screenshots of Defendants' products provide direct evidence of infringing conduct, and Proven is not required at the pleading stage to do more than to set forth enough facts to give notice of its allegations of infringement. *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018). ("[U]nder any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'"). In providing screenshots of the accused products paired with claim language, Proven has given notice of its allegations that the images captured from Defendants' products reveal the products' infringement of the asserted claims. And the Court must accept these allegations as true in ruling on this motion.

Defendants attempt to manufacture a dispute concerning the allegations of infringement as to limitation 1[e], "inserting information identifying the classification into the packet," against HPE. Mot. at 6. However, Exhibit 5 to the First Amended Complaint explains how HPE's Deep Packet Inspection (or "DPI") meets this limitation by identifying the data flow, classifying the data flow, and inserting this classification into the packet. Dkt. No. 17-5 at 10-11. Defendants respond to these allegations—which the Court must accept as true—with a *non sequitur*: They point out that the same document Proven cites also states that "the router drops the packets recognized by NBAR." Mot. at 6. Regardless of what this means, the fact that a router might drop packets under certain circumstances does not mean that other portions of Defendants' accused products do not perform the function identified by Proven. Indeed, as routers, the accused products certainly are designed to transmit packets and could not possibly drop all packets that they recognize.

Defendants' motion amounts to an insistence that Proven prove up its infringement theories at the pleading stage. Defendants' attempts to shoehorn a Rule 12(b)(6) motion into a motion to dismiss for improper venue are misplaced. Accordingly, Defendants' motion to dismiss for improper venue as to HPE should be denied.

**B.** **Aruba Refused to Make Its Declarants Available for Deposition, and Its Motion Must Therefore Be Denied**

Aruba's motion to dismiss for improper venue should likewise be denied. In attempting to show that Aruba has no offices in this District and that its over thirty employees who reside in this District do not establish venue, Aruba provides the declarations of two employees: (1) Mandani Adjali, a purported Senior Director of Product Management (Dkt. No. 25-23); and (2) William Taylor, a purported Sales Director of South Central Enterprises (Dkt. No. 25-24). As Aruba did with respect to its prior motion, Aruba once again refused, without explanation, to make either of

these witnesses available for short depositions as requested by Proven's counsel. Kroeger Decl., Ex. B. The failure of Aruba to allow for jurisdictional discovery warrants denial of its motion.

This Court has the discretion to allow for jurisdictional discovery before ruling on motions to dismiss for improper venue. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006) (holding that jurisdictional discovery decisions "will not be disturbed" absent a "clear abuse"). Indeed, in the Fifth Circuit "jurisdictional discovery should only be denied where it is impossible that the discovery 'could . . . add[] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Texas LLC v. Mitsubishi Electric Corp.*, Civil Action No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).

For this reason, district courts routinely deny motions to dismiss or transfer where discovery of the moving party was refused. *See Uniloc 2017 LLC v. Riot Games, Inc.*, Civil Action No. 2:19-cv-00223-JRG, 2020 WL 1158611, *3 (E.D. Tex. 2020) (denying motion to transfer without prejudice and noting "[t]he Court is of the opinion that [Plaintiff] should be permitted to take . . . venue discovery"); *Ultravision Technologies, LLC v. Govision, LLC*, 2020 WL 896767, *2, Case No. 2:18-cv-00100-JRG-RSP (E.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 887754 (E.D. Tex. 2020) ("The Court concludes that Ultravision may be able to add significant facts that might bear on the jurisdictional determination if further venue discovery were permitted. Consequently, the Court should deny Defendants Motion to Dismiss on the issue of improper venue and permit discovery into this issue.").

As explained to Defendants' counsel, the publicly available information supports Proven's allegations that Aruba has an office in San Antonio. *See* Kroeger Decl., Exs. B, C. Aruba denies this allegation, primarily in reliance on the declaration of Mr. Taylor. For this reason, Proven should be given the opportunity to test Mr. Taylor's declaration testimony via deposition. *See* Dkt. No. 25-24 at ¶ 6. Likewise, given that Aruba routinely highlights the fact that it is "a Hewlett Packard Enterprise Company" as the very first thing viewers see on its website, and in press releases issued as recently as June 1, 2020 (Kroeger Decl., Exs. D, E), this calls into question the amount of resource-, office-, and employee-sharing between the two companies. At the very least, it calls into question the veracity of Mr. Taylor's statements to the contrary (Dkt. No. 25-24 at ¶¶ 9-17). For this additional reason, jurisdictional discovery should be allowed before any ruling on this motion.

**C.     In the Event the Court Deems Venue Is Improper, Transfer of the Case Against Aruba to the Northern District of California Is the Proper Remedy**

In order to reduce the issues for this Court to decide, Proven offered to stipulate to transfer the case against Aruba to the Northern District of California. However, Defendants refused unless HPE was also transferred, even though they have never attempted to show that venue is improper as to HPE. Kroeger Decl. Ex. B. In the event the Court deems that Proven is not entitled to jurisdictional discovery before ruling on this motion, transfer of Aruba (and Aruba only) to the Northern District of California is the appropriate remedy.

Moreover, in light of the Judicial Panel on Multidistrict Litigation's Order, pursuant to a motion brought by Defendants and others, that this matter should be coordinated in this Court for pretrial purposes with the other actions brought by Proven, transfer to the Northern District of California, with this Court retaining jurisdiction for pretrial purposes, is the most efficient result.

After all, any re-filed case would likely be transferred back to this Court. This Court's retention of jurisdiction would allow all of the coordinated cases to proceed on the same schedule.

### D.      Any Dismissal Must Be Without Prejudice

Defendants' motion requests, repeatedly, that the Court dismiss Proven's Complaint "with prejudice" based on its complaints about improper venue. *See, e.g.*, Motion at 1, 7, 8, 9, 20. In so doing, Defendants invite the Court to commit legal error. Because the question of venue does not an act as an adjudication of the merits of the dispute, any dismissal for improper venue must be without prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662 (5th Cir. 2004) ("The district court, however, erred in dismissing HLA and Brun with prejudice. The district court's ruling on personal jurisdiction did not address the merits of plaintiff's allegations as to HLA and Brun, and, as a result, the claim against them should have been dismissed without prejudice for filing in an appropriate forum.").

The Court should deny Aruba's motion at least to allow jurisdictional discovery for the reasons set forth above. However, should the Court grant the motion, such dismissal should be without prejudice to re-filing in another jurisdiction.

## III.     DEFENDANTS DO NOT CARRY THEIR SIGNIFICANT BURDEN TO SHOW THAT THE NORTHERN DISTRICT OF CALIFORNIA IS "CLEARLY MORE CONVENIENT" THAN PROVEN'S CHOSEN FORUM

Defendants' claims of inconvenience have largely been rendered moot by the the Judicial Panel on Multidistrict Litigation's Order that Proven's cases should be coordinated in this Court.

Indeed, the MDL Panel heard a majority of Defendants' arguments presented below that the Northern District of California was more convenient and still decided the appropriate place for these actions was in this Court. *See* Kroeger Decl., Ex. H. Nonetheless, Proven addresses the convenience factors to show that they are overwhelmingly against transfer.

### A.      The Private Interest Factors Weigh Against Transfer

### 1.      The sources of proof are just as accessible in this District as in the Northern District of California

"When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored." *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-CV-00514-JRG, 2018 WL 4680558, at *5 (E.D. Tex. Sept. 28, 2018) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008)), *reconsideration denied*, No. 2:17-CV-00514-JRG, 2019 WL 8198620 (E.D. Tex. Feb. 22, 2019). "For this factor to weigh in favor of transfer, [Defendants] must show that transfer to the Northern District of California will result in more convenient access to sources of proof." *Id.*

As noted above, Defendants overlook HPE's Austin and Plano offices and do not explain whether documents relevant to this case are stored and can be produced from there. Obviously, these offices are far closer to this District than the Northern District of California. Indeed, HPE has a very large building and data center in Austin, with hundreds of employees. Kroeger Decl., Ex. F. Defendants assert, without evidence, that HPE is "irrelevant" to Aruba products (Mot. at 15) but they cannot pretend that the HPE offices are irrelevant to this action, given that HPE is a named defendant in this case. The fact of HPE's significant presence in offices much closer to this District than the Northern District weighs against transfer under this factor.

Moreover, Defendants do not identify any specific physical documents or other sources of evidence that will be produced in this litigation. Instead, Mr. Adjali offers the conclusory statement: "***To the extent there are any physical documents*** related to the . . . Accused Products . . . they are located in Northern California." Dkt. No. 25-23 at ¶ 9 (emphasis added).[1] In any event, assuming that all of Aruba's documents will be produced electronically, this factor is neutral at most. *See J2 Glob. Commc'ns, Inc. v. Protus IP Sols., Inc.*, No. 6:8-CV-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009) ("identifying the location of electronic sources of proof will typically not tip this factor in favor of transfer"); *see, e.g.*, *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 781 (N.D. Cal. 2014) ("[W]here electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information."); *iPowerUp, Inc. v. Ascent Solar Techs., Inc.*, No. LA CV16-01006 JAK (AFMx), 2016 WL 6953453, at *7 (C.D. Cal. May 27, 2016) ("[I]n light of the use of electronic discovery and document transmission, this factor offers very limited support for the transfer of this action."); *Mirror Worlds Techs., LLC v. Facebook, Inc.*, No. 17-CV-3473 (JGK), 2017 WL 5634127, at *5 (S.D.N.Y. Nov. 20, 2017) ("It would not be a significant inconvenience to either party to transmit the relevant evidence electronically to this or any District.").

Defendants' attempt to double-count the location of third-party witnesses under this factor and the factor regarding the location of third-party witnesses (discussed below) is improper and

---

[1] The motion also makes a passing reference to "physical sources of proof, including the hardware used in the development of Aruba's products" being located in Northern California. Motion at 15. As an initial matter, Defendants fail to explain how this "hardware' is at all relevant to this proceeding. In any event, no specific hardware is identified and its existence is supported only by the same vague testimony of Mr. Adjali that such hardware might exist, not that it *does* exist. *See* Dkt. 25-23 ("Any physical evidence related to the Accused Products/Features, including any hardware that was used in the design and development of the Accused Products/Features, is located in Northern California.").

should be rejected. *See AGIS*, 2018 WL 4680558, at *8 (E.D. Tex. Sept. 28, 2018) ("These factors do not permit a single source of proof or witness to be 'double counted' or unduly influence the analysis."). This factor concerns where the parties' documentary evidence can be most conveniently accessed. This factor weighs against transfer.

### 2. The Northern District is not clearly more convenient for willing witnesses

Defendants fail to show that litigating in the Northern District of California would be "clearly more convenient" for the willing witnesses in this case. Defendants specifically identify several employee witnesses of Aruba only. Again, they ignore HPE employees who live in this District. Moreover, Aruba glosses over the fact that one of its declarants, Mr. Adjali, resides in New York, and thus is substantially closer to this District than the Northern District of California. Motion at 18. Furthermore, Aruba complains that requiring the employees to take extra travel time would be disruptive to its business, but offers no declaration or other evidentiary support for this claim.

Moreover, the convenience of party witnesses is entitled to little weight. *CXT Sys., Inc. v. Container Store, Inc.*, No. 2:18-CV-00173-RWS-RSP, 2019 WL 1506015, at *3 (E.D. Tex. Apr. 5, 2019) (the convenience of party witnesses "is given diminished weight"); *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 2303034, at *3 (E.D. Tex. May 30, 2019) (same). Defendants' declarations establish that there are over thirty Aruba employees in this District. Dkt. No. 25-24, ¶¶ 10-11. But because Defendants prefer the Northern District of California, they cherry-pick other employees and fail to explain whether the ones close to this District have the same or similar knowledge.

On balance, this factor is neutral at most.

11

### 3.     The Northern District of California does not possess more relevant subpoena power

Defendants' claims that "key third-party witnesses" are located in the Northern District of California cannot outweigh Proven's choice of forum. Motion at 14-16.

Defendants gloss over the fact that several of the third parties it identifies are not located within the Northern District at all, including Alcatel-Lucent Enterprise (located in Calabasas, California) and one of the patent prosecutors (located in Pasadena, California). Motion at 16. Defendants maintain that these parties would be subject to the subpoena power of the Northern District of California because they would not incur substantial expense in traveling to the Northern District for trial. Mot. at 16. But Defendants offer no evidence in support of this bare assertion, and in fact, those witnesses would be required to travel hundreds of miles, stay at least one night (and likely more) in a hotel, and incur the additional expenses of dining out for meals and other travel necessities. There is no reason to believe that these third-party witnesses would be less likely to incur substantial expense traveling to the Northern District than to the Western District, and therefore there is no reason to believe that these witnesses would be more likely to be subject to the subpoena power in the Northern District.

Furthermore, Defendants ignore that three inventors of the '024 Patent are identified as living in either Kanata, Canada or Morris Plains, New Jersey on the face of the patent. For all of these witnesses, this District is much closer than the Northern District of California.

Defendants also identify Aruba's "former officers and employees" (Motion at 16) without identifying any particular individuals, let alone the relevant and necessary knowledge that such individuals would be able to provide at trial. Having failed to identify specific individuals with relevant knowledge, Defendants further fail to explain any possible basis for their belief that these

former employees might still live within the Northern District. This is pure speculation at every level and cannot support a motion to transfer.

Regardless, even assuming, *arguendo*, that the third parties are necessary for trial, nearly all the potential witnesses can be subpoenaed for depositions under Rule 45, regardless of whether this case is transferred. *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-CV-00014-JRG-RSP, 2018 WL 6589873, at *3 (E.D. Tex. Dec. 14, 2018). Defendants do not assert that using the third-party witnesses' deposition testimony would be an inconvenience. *Nexus Display Techs. LLC v. Dell, Inc.*, No. 2:14-CV-762, 2015 WL 5043069, at *4 (E.D. Tex. Aug. 25, 2015) (citing *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000)); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 459719, at *5 (E.D. Tex. Jan. 31, 2014) ("While this Court recognizes some generic benefit of providing live witnesses at trial, the Court is not convinced that using the non-party witnesses' deposition as opposed to live testimony at trial would seriously inconvenience Defendants.").

This factor weighs against transfer, or is at best neutral.

### 4. The "practical problems" and judicial economy weigh against transfer

"Practical problems include those that are rationally based on judicial economy." *PersonalWeb Techs.*, 2013 WL 9600333, at *5. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *Id.* "Indeed, the Federal Circuit has recognized that the consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *CXT*, 2019 WL 1506015, at *4 (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*,

13

119 F.3d 1559, 1565 (Fed. Cir. 1997) (internal quotation marks omitted)); *see also In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.").

Here, there are other cases involving the patents-in-suit pending in the Western District of Texas. Even if this action were transferred to the Northern District of California, parallel actions involving the patents-in-suit would still move forward in the Western District of Texas. Therefore, transferring this action would not result in any improvements in judicial economy and this factor is neutral in the transfer analysis.

**B.  The Public Interest Factors Weigh Against Transfer**

**1.  Administrative difficulties resulting from court congestion weigh against transfer**

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *AGIS*, 2018 WL 4680558, at *9. And here, the available statistics show that the time to trial in this District is almost the same as that in the Northern District of California. *See* Kroeger Decl., Ex. G (showing the median time to trial is 24.3 months for the Western District of Texas and 22 months for the Northern District of California). Moreover, Defendants fail to account for the fact that this case has been pending in this District for months and the Court has set a scheduling conference for October 21. Transferring this case to the Northern District of California would essentially restart the trial clock, thus resulting in even further delay. This factor strongly weighs against transfer.

### 2. The Northern District of California does not have a greater interest

Defendants cannot dispute this District's interest in this case given that HPE has an office in this District and sells accused products in this District. Defendants' assertion that the Northern District of California has a greater interest because one of them, Aruba, is headquartered in the Northern District of California is meritless. This argument has been rejected because, "[p]ut less delicately, this argument amounts to 'California has a localized interest in resolving this dispute because its jurors will be biased toward the defendant.'" *Ingeniador, LLC v. Adobe Sys. Inc.*, No. 2:12-CV-00805-JRG, 2014 WL 105106, at *4 (E.D. Tex. Jan. 10, 2014). Further, such an argument "raises troubling fairness implications" and should be "afford[ed] little weight." *Phoenix Licensing, L.L.C. v. Royal Caribbean Cruises Ltd.*, No. 2:13-CV-1095-JRG-RSP, 2014 WL 7272640, at *5 (E.D. Tex. Dec. 22, 2014).

Regardless, the accused conduct is not limited to merely design and development of the accused products. It also includes sales, and again, there is no dispute that Aruba and HPE sell products, including the accused products, throughout Texas and within this District. Accordingly, this factor is neutral at best. *See Peloton*, 2019 WL 2303034, at *5 ("This Court has found the localized interest factor to be neutral in past cases where this venue and the proposed venue both possessed a localized interest in the case.").[2]

---

[2] Other courts have held that as a general matter, this factor is neutral because "[p]atent cases implicate constitutionally protected property rights" and "[t]he resolution of patent cases is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature." *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 701 (D. Del. 2013). "Moreover, to characterize patent litigation as 'local' undermines the appearance of neutrality that federal courts were established to provide and flies in the face of the national (if not global) markets that are affected by the outcome of these cases." *Id.*

### 3. The other public interest factors are neutral

Defendants admit that the remaining factors are neutral and do not favor transfer. Motion at 20.

## IV. CONCLUSION

For all the foregoing reasons, Proven respectfully asks that the Court deny Defendants' motion to dismiss or change venue.

Dated: October 7, 2020

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bledahl@raklaw.com
Kent N. Shum (CA SBN 259189)
kshum@raklaw.com
Paul A. Kroeger (SBN 229074)
pkroeger@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Proven Networks, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 7, 2020, a true and correct copy of foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.


*/s/ Reza Mirzaie*
Reza Mirzaie