# Exhibit B

**From:** "Reiter, Mark" <MReiter@gibsondunn.com>
**Subject: Re: Proven Networks v. HPE / Aruba**
**Date:** October 2, 2020 at 1:15:34 PM PDT
**To:** Paul Kroeger <pkroeger@raklaw.com>
**Cc:** "Morgan, Ashbey" <ANMorgan@gibsondunn.com>, Reza Mirzaie <rmirzaie@raklaw.com>

Paul,

Thank you for your email   Defendants cannot agree to your proposal.

Best regards,

Mark

**Mark Reiter**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100, Dallas, TX 75201
Tel +1 214.698.3360 • Fax +1 214.571.2907
MReiter@gibsondunn.com • www.gibsondunn.com

---

**From:** Paul Kroeger <pkroeger@raklaw.com>
**Date:** Tuesday, September 29, 2020 at 2:57 PM
**To:** Mark Reiter <MReiter@gibsondunn.com>
**Cc:** Ashbey Morgan* <ANMorgan@gibsondunn.com>, Reza Mirzaie <rmirzaie@raklaw.com>
**Subject:** Re: Proven Networks v. HPE / Aruba

[External Email]
Mark,

Although Proven disagrees with your contention re venue, and continues to believe that venue in W.D. Tex. is proper based on the publicly available information and, especially, your unwillingness to allow the veracity of the purported declarations to be tested by deposition, nonetheless, in the interest of compromise, Proven would consider transferring the complaint against Aruba only to N.D. Cal.

The complaint against HPE should remain in W.D. Tex. None of your prior motions have made any attempt to show or claim that venue as to HPE (in either ED Tex or WD Tex) is improper. Moreover, they have made no attempt to show that W.D. Tex is not a convenient form for HPE. We believe that HPE's 12(b)(6) motion to the first amended should be judged on its merits and, if denied (as we believe it will), that case should remain pending in WD Tex.

Please advise as to your position.

Thanks,

Paul A. Kroeger
Russ August & Kabat
Attorney
(310) 979-8263 Work
(310) 826-7474 Work
(213) 864-5532 Mobile
pkroeger@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
www.raklaw.com

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Sep 24, 2020, at 1:04 PM, Reiter, Mark <MReiter@gibsondunn.com> wrote:

Paul,

As explained in the renewed motion to dismiss filed yesterday, Defendants do not believe that Proven has demonstrated a basis for the requested discovery.  I sent you a letter last week asking Proven to dismiss its claims, or, alternatively, agree to transfer the case to ND California.  I did not receive a response.  If Proven has any basis to support a request for discovery, I would of course review.  As stated in my letter, to avoid further briefing in WD Texas, Defendants remain amenable to an agreed transfer to ND California.

Best regards,

Mark


**Mark Reiter**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100, Dallas, TX 75201
Tel +1 214.698.3360 • Fax +1 214.571.2907
MReiter@gibsondunn.com • www.gibsondunn.com

---

**From:** Paul Kroeger <pkroeger@raklaw.com>
**Date:** Wednesday, September 23, 2020 at 1:32 PM
**To:** Mark Reiter <MReiter@gibsondunn.com>
**Cc:** Ashbey Morgan* <ANMorgan@gibsondunn.com>, Reza Mirzaie <rmirzaie@raklaw.com>
**Subject:** Re: Proven Networks v. HPE / Aruba

[External Email]
Mark,

With regard to your newly-filed motion to dismiss, we, once again, ask that Defendants comply with their discovery obligations and make their declarants available for short two-hour depositions. As I assume your willingness to make the declarants available to test the veracity of their attorney-prepared declarations has not changed, please confirm so we can so advise the Court.

Thanks,


<image001.jpg>

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax–related penalties or promoting, marketing or recommending to another party any tax–related matter addressed herein.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Sep 4, 2020, at 6:11 PM, Reiter, Mark <MReiter@gibsondunn.com> wrote:

Paul,

Thank you for your email. Based on the information provided, Defendants do not agree to the requested discovery. If Proven Networks has additional information that calls into question the information provided in the declarations and supports the requested discovery, we ask that you share it. Defendants commit to promptly reviewing the information and advising whether our position has changed.

Best regards,

Mark

**Mark Reiter**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100, Dallas, TX 75201
Tel +1 214.698.3360 • Fax +1 214.571.2907
MReiter@gibsondunn.com • www.gibsondunn.com

---

**From:** Paul Kroeger <pkroeger@raklaw.com>
**Sent:** Friday, September 4, 2020 12:26 PM
**To:** Reiter, Mark
**Cc:** Morgan, Ashbey; Reza Mirzaie
**Subject:** Re: Proven Networks v. HPE / Aruba

[External Email]
Mark,

Proven did perform a reasonable investigation as to venue before filing suit. The request for venue discovery was made because the

declarations you submitted, under penalty of perjury, conflict with the results of that information. For example, that Aruba has an office in San Antonio came from, among other places, the attached website. https://craft.co/aruba-networks/locations.

Your apparent contention that we have to demonstrate that Messers. Adjali and Taylor, both Aruba employees, submitted false statements, before being able to take venue discovery is contrary to the law which freely allows such discovery. See, e.g., Uniloc 2017 LLC v. Riot Games, Inc., 2020 WL 1158611, *3 (E.D. Tex. 2020); Ultravision Technologies, LLC v. Govision, LLC, 2020 WL 896767, *2 (E.D. Tex. 2020), report and recommendation adopted,
2020 WL 887754 (E.D. Tex. 2020).

The fact that you deemed it necessary to provide declaration supporting your motion only further supports why discovery is proper in this circumstance. And, in any event, our request for discovery was reasonable and narrow under the circumstances. We ask you to please reconsider the request. If you will not do so, we will use your refusal to request that the Court deny your motion.

Thanks,


<image001.jpg>

 \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Sep 4, 2020, at 7:18 AM, Reiter, Mark <MReiter@gibsondunn.com> wrote:

Paul,

We are in receipt of your email requesting venue discovery before Proven Networks files its response to HPE/Aruba's motion to dismiss. To help us evaluate your request, please explain why Proven Networks believes discovery is warranted.

Proven Networks bears the burden of establishing venue, and thus it was Proven Network's obligation—before filing the complaint—to perform a reasonable investigation and collect facts that support venue. It appears Proven Networks, both in ED Texas and in the current case, did no such thing. Proven Networks' initial allegation of a "shared office" in Plano, Texas and more recent allegation of an Aruba San Antonio office, without citation to any supporting evidence, were both wrong. To the extent Proven Networks has some basis to assert that Messrs. Adjali and Taylor erred in their sworn statements, or that additional information would support venue, please identify that basis and anticipated, additional information.

We look forward to your response and will respond promptly after having had an opportunity to consider the response.

Best regards,

Mark


**Mark Reiter**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100, Dallas, TX 75201
Tel +1 214.698.3360 • Fax +1 214.571.2907
MReiter@gibsondunn.com • www.gibsondunn.com

---

**From:** Paul Kroeger <pkroeger@raklaw.com>
**Date:** Thursday, September 3, 2020 at 1:01 PM
**To:** Mark Reiter <MReiter@gibsondunn.com>, Ashbey Morgan* <ANMorgan@gibsondunn.com>
**Cc:** Reza Mirzaie <rmirzaie@raklaw.com>
**Subject:** Proven Networks v. HPE / Aruba

[External Email]
Counsel,

With regard to the motion to dismiss and/or transfer filed by HPE and Aruba, we request jurisdictional discovery before filing our opposition. Specifically, we request a short 2-3 hour (Zoom) deposition of earth of Madani Adjali and William Taylor related to the contents of their declarations. We also request a three-week extension of time for our opposition to accommodate the depositions and the preparation of the transcripts prior to its filing.

Please advise if you are in agreement to the above. Otherwise, please provide your availability for a meet and confer.

Thanks,

<image001.jpg>

 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be

used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.

_____

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.