**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

PROVEN NETWORKS, LLC,

            Plaintiff,

    v.

HEWLETT PACKARD ENTERPRISE
COMPANY and ARUBA NETWORKS, INC.,

            Defendants.

Case No. 6:20-cv-00632-ADA

**JURY TRIAL DEMANDED**

**DEFENDANTS' REPLY TO RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1404**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................1

II.  ARGUMENT .....................................................................................................2

    A.  The Claims Against HPE Should Be Dismissed with Prejudice. ............................2

    B.  The Claims Against Aruba Should Be Dismissed with Prejudice. .........................3

        1.  Proven Ignores the Facts that Show Venue Is Not Proper as to Aruba ................................................................................................4

        2.  Proven Cannot Sidestep Its Burden to Show that Venue Discovery Is Needed. ...........................................................................................5

        3.  Proven's Conduct Warrants a Dismissal with Prejudice. ............................7

        4.  Proven Has Not Supported Transfer of Only Aruba ....................................7

    C.  Alternatively, if the Court Finds Venue Is Proper, Transfer Is Appropriate Under 35 U.S.C. § 1404(a). .................................................................................8

    D.  Proven Has Waived Any Opposition to Defendants' Request for a Show Cause Order. ......................................................................................................10

III.  CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*,
2019 WL 2210686 (E.D. Tex. May 22, 2019) ......................................................................6

*Bowman v. CitiMortgage, Inc.*,
2018 WL 1899200 (N.D. Tex. Apr. 20, 2018) .......................................................................2

*Broadway Nat'l Bank v. Plano Encryption Techs.*,
LLC, 173 F. Supp. 3d 469 (W.D. Tex. 2016) .................................................................5, 6

*Chapterhouse, LLC v. Shopify, Inc.*,
2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ......................................................................3

*Click-to-Call Techs. LP v. AT&T, Inc.*,
No. A-12-CA-465-SS, slip op. (W.D. Tex. Oct. 12, 2012) ..................................................6

*ConnectU LLC v. Zuckerberg*,
552 F.3d 82 (1st Cir. 2008) ..................................................................................................1

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ....................................................................2

*Drone Labs, LLC v. Dedrone Holdings, Inc.*,
2019 WL 4345955 (N.D. Cal. Sept. 12, 2019) ....................................................................2

*Hosp. Internists of Austin, P.A. v. Quantum Plus, LLC*,
2019 WL 1922051 (W.D. Tex. Jan. 23, 2019) ..................................................................10

*Jacquez v. Procunier*,
801 F.2d 789 (5th Cir. 1986) ...............................................................................................7

*Jewell v. Music Lifeboat*,
254 F. Supp. 3d 410 (E.D.N.Y. 2017) .................................................................................7

*Jones v. Jefferson Parish*,
2013 WL 871539 (E.D. La. Mar. 8, 2013) ........................................................................10

*Liaw Su Teng v. Skaarup Shipping Corp.*,
743 F.2d 1140 (5th Cir. 1984), overruled on other grounds, *In re Air Crash
Disaster Near New Orleans, Louisiana,* 821 F.2d 1147 (5th Cir. 1987) ..............................7

*Lookingbill v. Cockrell*,
293 F.3d 256 (5th Cir. 2000) .............................................................................................10

**TABLE OF AUTHORITIES**
(*continued*)

**Page(s)**

*Magee v. Life Ins. Co. of N. Am.*,
   261 F. Supp. 2d 738 (S.D. Tex. 2003) ..................................................................10

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ..........................................................................5

*Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*,
   2020 WL 4289388 (W.D. Tex. July 27, 2020) .........................................................5

*Negron-Torres v. Verizon Commc'ns, Inc.*,
   478 F.3d 19 (1st Cir. 2007)............................................................................4

*Optic153 LLC v. Thorlabs Inc.*,
   2020 WL 3403076 (W.D. Tex. June 19, 2020) ...................................................5, 6

*Quick Techs., Inc. v. Sage Group PLC*,
   313 F.3d 338 (5th Cir. 2002) ..........................................................................4

*Schiller v. Physicians Res. Grp. Inc.*,
   342 F.3d 563 (5th Cir. 2003) ..........................................................................7

*Tex. Mut. Ins. Co. v. Integrated Claims Sys., LLC*,
   2013 WL 11311776 (W.D. Tex. Apr. 29, 2013).....................................................6

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014).......................................................................9

*Via Vadis, LLC v. Netgear, Inc.*,
   2015 WL 10818675 (W.D. Tex. July 30, 2015) .....................................................5

*Wininger v. Bank of America, N.A.*,
   621 F. App'x 297 (5th Cir. 2015) ..................................................................2, 3

*Woodall v. Univ. of Tex. Sys.*,
   2010 WL 11601282 (W.D. Tex. Mar. 30, 2010) ....................................................6

## I.    INTRODUCTION

In its opposition to Defendants' motion to dismiss the First Amended Complaint ("FAC"), Proven re-hashes much of what it said in its opposition to Defendants' motion to dismiss the Original Complaint in this Court, all of which Defendants addressed in the present motion.[1] Proven's opposition is thus notable not for what it says, but for what it does *not* say.

- Proven offers no response to its failure to identify any HPE product that allegedly infringes the '852 patent;

- Proven offers no response to the overwhelming public evidence that shows Aruba has no office in San Antonio, including incontrovertible photographs proving that the supposed Aruba address identified in the Original Complaint and FAC is no such thing;

- Proven offers no response to the cases that hold that use of a common trade name does not imply a failure to adhere to corporate formalities;

- Proven offers no response to the legal requirement that venue must be proper to all parties and all patents;

- Proven offers no response to the cases that allow dismissal with prejudice once a plaintiff has had a fair opportunity to present its case—Proven has now had three opportunities;

- Proven offers no response to the cases that place the burden on Proven to support a need for venue discovery; and

- Proven offers no response to Defendants' request for an order to show cause as to why Defendants should not be awarded fees in defending Proven's unsubstantiated claims.

Proven's failure to respond to these facts and to controlling law leads to a first conclusion:  Proven has no response.  This, in turn, leads to a series of follow-on conclusions:  Proven has no claim of infringement against HPE for the '852 patent; venue is not proper in this District; Proven cannot challenge that, given its series of three, defective complaints, it had sufficient opportunity to present viable claims as to both HPE and Aruba; and Proven has no basis to object to Defendants'

---

[1]  Defendants filed a *renewed* motion to dismiss because Proven's filing of an amended complaint renders moot the motion to dismiss previously filed in this Court.  *See* ECF Nos. 14, 23; *see, e.g.*, *ConnectU LLC v. Zuckerberg,* 552 F.3d 82, 91 (1st Cir. 2008) (an amended complaint "supersedes the antecedent complaint" and the initial complaint is considered a "dead letter").

entitlement to fees.  All of which lead to a final conclusion:  The Court should finally dismiss

Proven's claims and order Proven to explain why it should not pay fees.

## II.    ARGUMENT

### A.    The Claims Against HPE Should Be Dismissed with Prejudice.

*The '852 Patent.*  In the motion to dismiss, Defendants explain that Proven's FAC fails to

identify any facts that support a reasonable inference that HPE infringes the '852 patent.  ECF No.

25 at 5.  In its opposition, Proven ignores this failure.  In fact, Proven says *nothing* about the '852

patent and HPE, much less identify an HPE product that allegedly infringes this patent.  Instead,

Proven contends that its allegations with respect to the '024 patent alone suffice.  ECF No. 29 at 1

("Proven's First Amended Complaint is fairly pleaded because it establishes infringement of the

'024 patent by at least one product.").  Having failed through three complaints to properly plead

infringement as to HPE and the '852 patent, Proven's claims of infringement for this patent should

be dismissed with prejudice.  *See Wininger v. Bank of America, N.A.*, 621 F. App'x 297 (5th Cir.

2015); *see also Bowman v. CitiMortgage, Inc.*, 2018 WL 1899200, at *3 (N.D. Tex. Apr. 20, 2018)

(dismissing complaint with prejudice because plaintiffs' "history of deficient pleadings proves that

amendment would be futile"); *Drone Labs, LLC v. Dedrone Holdings, Inc.*, 2019 WL 4345955, at

*4 (N.D. Cal. Sept. 12, 2019).

*The '024 Patent.*  Proven's allegations of infringement covering the '024 patent fare no

better.  As Proven admits in its opposition, all that Proven has done is "provid[e] screenshots of

the accused products paired with claim language."  ECF No. 29 at 4.  But this Court, and other

courts, has held that screenshots devoid of any explanation fail to meet the pleading requirements.

*De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020) ("Because

Plaintiff does not include even a short description of how the accused instrumentalities meet [this]

limitation, his complaint fails to state a claim upon which relief can be granted."); *see also*

*Chapterhouse, LLC v. Shopify, Inc.,* 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (plaintiff "must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations"). Proven ignores these holdings, asserting, instead, that "[i]n providing screenshots of the accused products paired with claim language, Proven has given notice of its allegations . . . ." ECF No. 29 at 4. It has not. Likewise, with respect to its assertion that HPE "uses" the Aruba products accused of infringement, in its opposition, Proven simply speaks past the fact that the FAC *only* accuses Aruba products "operating with the PEF solution." *Id.*; FAC ¶ 20. Proven has failed to allege any facts that even suggest HPE uses products "operating with the PEF solution." Again, having failed to plead plausible claims of infringement directed to HPE through three complaints, the purported claims against HPE should be dismissed with prejudice. *See, e.g.*, *Wininger*, 621 F. App'x at 297.

       ***Venue.*** In addition to ignoring its obligations to plead plausible claims of infringement for *each* patent, Proven ignores its obligation to plead venue is appropriate for *each* patent. ECF No. 25 at 7. Having failed to present plausible claims of infringement as to *each* patent, including its failure to even identify a product for the '852 patent, Proven has also failed to plausibly allege that HPE commits an act of infringement in this District, as § 1400(b) requires. These failures further support dismissal of HPE.

## B.    The Claims Against Aruba Should Be Dismissed with Prejudice.

       With blinders on, Proven continues to maintain venue is proper as to Aruba. It is not. This Court should not reward Proven's willful blindness, and at this point willful disregard, for the facts. The MDL Panel did not consider, much less rule on, Proven's multiple, unsupported claims of venue, nor does the MDL Panel's decision erase Proven's gamesmanship and disregard for the facts. Nevertheless, the MDL Panel's decision has no effect on the present motion. If the Court dismisses the complaint, with prejudice or without, the MDL decision becomes moot as to

Defendants.

1.      **Proven Ignores the Facts that Show Venue Is Not Proper as to Aruba.**

Proven supports venue with one purported fact—a third-party website[2] that identifies an address in San Antonio as not only belonging to Aruba but also as Aruba's headquarters.  ECF No. 17 at ¶ 10; ECF No. 29 at 7; Kroger Decl. Ex. C.  But as Defendants explained in their motion, *public information* conclusively shows that website is wrong.  ECF No. 25 at 8–9.  A simple check on Google Maps shows Aruba has no office, much less its headquarters, at the San Antonio address.  *Id.*  And the pictures of the address that Defendants submitted with their motion, and which Defendants previously provided to counsel in an effort to avoid this motion, confirm what Google Maps shows—Aruba has no office at the San Antonio address—as shown below:

 

ECF No. 25-43.  Moreover, *Aruba's* own website—not the website of some third party—further confirms that Aruba has no office in Texas.  *Id.*  Having no response to these conclusive facts, in its opposition, Proven says nothing about them, as if its silence would make the facts disappear.  It does not; instead, what Proven's silence shows is a disregard for its obligation to advocate based on a reasonable inquiry and without improper purpose.

In its opposition to the present motion, Proven implies that Aruba and HPE do not respect

---

[2]  That same website lists "16601 Blanco Rd. #120" as the San Antonio headquarters of Emtora Biosciences.  https://craft.co/emtora-biosciences.

corporate formalities because Aruba "highlights" that it is "a Hewlett Packard Enterprise Company." ECF No. 29 at 7. But as Defendants explained in the motion, which explanation Proven does not even attempt to challenge, use of a common trade name and logo does not evidence a failure to adhere to corporate formalities. *See Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 26 (1st Cir. 2007); *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002). That Aruba identifies itself as a subsidiary of HPE demonstrates that the two are *not* one in the same and comes nowhere near fulfilling Proven's heavy burden to "rebut the presumption of institutional independence with clear evidence." *Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020); ECF No. 25 at 9–10. Indeed, Aruba includes its *own* logo on the very materials cited in Proven's Opposition:



ECF No. 29-5 at 2.

Proven's *repeated* disregard for the facts and law, which has forced Aruba to needlessly file three motions to dismiss, should not be rewarded. Dismissal of Aruba with prejudice is proper.

**2.      Proven Cannot Sidestep Its Burden to Show that Venue Discovery Is Needed.**

Having failed to support venue as to Aruba, Proven attempts to shift the blame for its failure to Defendants, arguing that Defendants should have consented to venue discovery. ECF No. 29 at 5–6. The cases, however, are clear: Proven, as the party opposing dismissal, must ask the Court for such discovery and must also establish the need for the discovery. *See Optic153 LLC v. Thorlabs Inc.*, 2020 WL 3403076, at *3 (W.D. Tex. June 19, 2020); *Broadway Nat'l Bank v. Plano Encryption Techs.*, LLC, 173 F. Supp. 3d 469, 480 (W.D. Tex. 2016) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). Proven has not met this burden, or even attempted to meet this burden.

Proven, for example, has failed to identify what discovery it wants and what it expects the discovery will show. *See Broadway*, 173 F. Supp. at 480 ("A plaintiff seeking jurisdictional discovery is expected to identify with particularity the discovery sought, explain what information it expects to obtain, and explain how that information would support the assertion of personal jurisdiction; failure to do so warrants denial of leave to conduct the discovery.") (collecting cases); *see also Via Vadis, LLC v. Netgear, Inc.*, 2015 WL 10818675, at *3 (W.D. Tex. July 30, 2015) (denying plaintiff's request for venue discovery because plaintiff "fail[ed] to discuss the issues about which they seek discovery or how such discovery may support maintaining the action in this court"). At the very least, Proven must raise some question regarding the veracity of the information provided by the Taylor and Adjali declarations. *See Optic153 LLC*, 2020 WL 3403076, at *3–4; *see also Click-to-Call Techs. LP v. AT&T, Inc.*, No. A-12-CA-465-SS, slip op. at 2–3 (W.D. Tex. Oct. 12, 2012) (denying request for discovery when plaintiff failed to point to anything that called into question defendant's declaration); *Woodall v. Univ. of Tex. Sys.*, 2010 WL 11601282, at *3–4 (W.D. Tex. Mar. 30, 2010); *Tex. Mut. Ins. Co. v. Integrated Claims Sys., LLC*, 2013 WL 11311776, at *5 (W.D. Tex. Apr. 29, 2013). Other than point to the erroneous third-party website that identifies the imagined San Antonio address, Proven does nothing to support its demand for discovery. Nor does it even attempt to explain how discovery would overcome the plethora of public information that confirms venue is improper in this District.

The cases that Proven cites in support of its request for discovery, all of which Proven recycled from its opposition to Defendants' motion to dismiss the Original Complaint, are distinguishable. ECF No. 29 at 5–6. None of the cases involves a situation where the publicly available information, which the plaintiff had access to and ignored entirely, directly contradicts the factual underpinning of the plaintiff's venue allegation. Moreover, unlike here, the plaintiff in

*Blitzsafe* specifically identified seven categories of discovery, all of which the court found related to the parties' venue dispute and would help the court resolve the issue. *See Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, 2019 WL 2210686, at *3–4 (E.D. Tex. May 22, 2019).

Respectfully, Proven has not demonstrated that venue discovery is warranted, and the Court should dismiss this case for improper venue. *See Broadway*, 173 F. Supp. at 482 ("When the lack of venue is clear, discovery would serve no purpose and should not be allowed.").

### 3.    Proven's Conduct Warrants a Dismissal with Prejudice.

Proven continues to argue that dismissal with prejudice would constitute "legal error." ECF No. 29 at 8. But the support Proven provides for this argument misses the point. Defendants do not seek dismissal with prejudice based solely on a failure of venue. Rather, as Defendants explained in their motion (ECF No. 25 at 7), the Court has the discretion to dismiss with prejudice after the "plaintiff has had fair opportunity to make his case." *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As it does with the other facts and law that it dislikes, Proven just ignores this law. The three complaints, the absence of facts supporting venue, and, most troubling, Proven's repeated disregard for the actual facts that frustrate its venue assertion, all warrant dismissal with prejudice.

### 4.    Proven Has Not Supported Transfer of Only Aruba.

Recognizing that it cannot reasonably support venue for Aruba, Proven suggests that the Court should transfer *only* Aruba to the Northern District of California. ECF No. 29 at 7–8. But Proven's own allegations and arguments, if given any credit, demonstrate the impropriety of this suggestion. Severing parties is disfavored, particularly if the party "over whom jurisdiction is retained is so involved in the controversy that partial transfer would require the same issues to be litigated in two places." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, Louisiana*, 821

F.2d 1147 (5th Cir. 1987); *see also Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 422–23 (E.D.N.Y. 2017) ("[S]evering the claims and litigating the case piecemeal is disfavored when (1) there is a venue that would be proper for all the defendants in which the entire case could be litigated at once, as there is here with California; and (2) the claims and parties are intertwined."). Proven does not dispute venue would be proper to both HPE and Aruba in the Northern District of California. Moreover, based on Proven's own arguments, the claims against HPE and Aruba are intertwined. Indeed, in its opposition, Proven argues that it stated a claim against HPE because HPE products "use the accused Aruba Access Points and therefore infringe themselves." ECF No. 29 at 4. By so arguing, Proven concedes that its purported claims against HPE are intertwined with its claims against Aruba. Given that venue is lacking as to Aruba, and given the connection between the claims against HPE and Aruba, to the extent the Court is inclined to transfer the case— as opposed to dismiss—the Court should transfer *both* HPE *and* Aruba.

## C.   Alternatively, if the Court Finds Venue Is Proper, Transfer Is Appropriate Under 35 U.S.C. § 1404(a).

Proven's opposition to transfer under § 1404(a) boils down to this: HPE has an office in Austin (and also one in the Eastern District of Texas in Plano), therefore, the Western District of Texas is more convenient than the Northern District of California. But its opposition ignores that Proven has built its case based principally on Aruba products; as noted immediately above, even Proven's claims against HPE rely on HPE's alleged incorporation of the accused Aruba products into HPE products. Consistent with its strategy of ignoring facts that it does not like, Proven's opposition is silent as to the sources of proof regarding the accused Aruba products, including both documents and witnesses located in the Northern District of California where those accused products were designed and developed.

Proven's identification of HPE's Austin and Plano offices has no substance—Proven

points to those offices without identifying any connection those offices have to the accused products or *any* potential witnesses (including third parties). ECF No. 29 at 9. In fact, Proven even dropped its previous identification of two random HPE employees as a basis to deny transfer. *Compare* ECF No. 18 at 9, *with* ECF No. 29 at 9. Contrary to Proven's empty focus on Austin and Plano, Defendants identified *specific* documents located in the Northern District, including source code, research and development documents, marketing documents, and financial documents. *See* ECF No. 25-23 at ¶ 9. Defendants also identified *specific* party and *third-party* witnesses (including two of the inventors) relevant to the claims and defenses in the case. *See* ECF No. 25-1 at ¶¶14–15; ECF No. 25-23 at ¶¶ 7, 10–12. At best, Proven has identified three inventors who reside in either Canada or New Jersey (ECF No. 29 at 12), but as Defendants explained (ECF No. 25 at 17), witnesses and documents located outside the districts are not relevant to the convenience analysis. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("[T]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."). The absence of any evidence located within this District strongly favors transfer.

Furthermore, as set forth in the motion to dismiss, three of the private factors (ECF No. 25 at 14–19) and one of the public factors (*Id.* at 19–20) favor transfer. Thus, if the Court were to find venue is proper as to both Aruba and HPE, the Court should transfer to the Northern District.

Finally, the MDL decision does not affect the conclusion that the § 1404 factors demand that *trial* take place in the Northern District.[3] As explained in Defendants' motion, and repeated

---

[3] Contrary to Proven's assertion that the MDL Panel "heard a majority of Defendants' arguments . . . that the Northern District of California was more convenient" (ECF No. 29 at 8–9), the MDL Panel only decided the proper forum for *centralization* of eight actions all involving Proven based on its conclusion that the actions involved common factual issues.

briefly above, witnesses relevant to the claims and defenses in the case reside in the Northern District.  While the MDL panel concluded that centralization of the various cases filed by Proven for *pre-trial* proceedings promotes efficiency, the MDL panel made no findings, nor could it, regarding trial.  Thus, to the extent the Court decides not to dismiss, it should grant transfer and hold in abeyance the actual transfer until the MDL proceedings expire.

**D.     Proven Has Waived Any Opposition to Defendants' Request for a Show Cause Order.**

In their motion, Defendants requested that the Court order Proven to show cause why Defendants should not be rewarded their fees in defending against Proven's repeated, unsubstantiated claims.  ECF No. 25 at 13.  Not only does Proven fail to justify its conduct or explain why it should not be required to pay fees, Proven straight up ignores this aspect of Defendants' motion.  By failing to address this aspect of Defendants' motion, Proven has waived any opposition to the request.  *See, e.g.*, *Hosp. Internists of Austin, P.A. v. Quantum Plus, LLC*, 2019 WL 1922051, at *6 (W.D. Tex. Jan. 23, 2019) (plaintiffs waived claims by failing to respond to defendants' arguments in motion to dismiss); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("Failure to brief an argument in the district court waives that argument.") (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2000)); *Jones v. Jefferson Parish*, 2013 WL 871539, at *3 (E.D. La. Mar. 8, 2013) ("[Plaintiff's] failure to brief this issue waives any argument he might have in opposition to it.") (collecting cases).  Having waived any opposition to an order to show cause, respectfully, the Court should order Proven to explain why Defendants should not be awarded fees.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the motion and dismiss with prejudice this case in its entirety.

Dated:  October 14, 2020                    By:  */s/ Mark N. Reiter*
                                                 _____
                                                 Mark N. Reiter
                                                 Texas State Bar No. 16759900
                                                 mreiter@gibsondunn.com
                                                 Ashbey N. Morgan
                                                 Texas State Bar No. 24106339
                                                 anmorgan@gibsondunn.com
                                                 Audrey Yang
                                                 Texas State Bar No. 24118593
                                                 ayang@gibsondunn.com
                                                 **GIBSON, DUNN & CRUTCHER LLP**
                                                 2001 Ross Ave., Suite 2100
                                                 Dallas, TX  75201-6912
                                                 Telephone:  214.698.3100
                                                 Facsimile:  214.571.2900

                                                 ATTORNEYS FOR DEFENDANTS
                                                 HEWLETT PACKARD ENTERPRISE
                                                 COMPANY AND ARUBA NETWORKS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2020, the foregoing was electronically filed in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Mark N. Reiter*
Mark N. Reiter